UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Siemens Industry, Inc.,

                              Plaintiff,

-against-

Great Midwest Insurance Company,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/04/2024

1:23-cv-05046 (JHR) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is the remaining portion of a letter motion filed by Defendant/Counterclaimant Great Midwest Insurance Company ("GMIC") seeking to compel Plaintiff/Counter-defendant Siemens Industry, Inc. ("Siemens") to produce documents pursuant to requests that GMIC made at the depositions of four Siemens' witnesses (the "Letter Motion").[1] (Def.'s 5/23/24 Ltr. Mot., ECF No. 56.) For the reasons set forth below, GMIC's Letter Motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

On September 19, 2023, the Honorable Jennifer H. Rearden entered a scheduling order setting a deadline of January 17, 2024, for the completion of fact discovery. (9/19/23 Scheduling Order, ECF No. 19, ¶ 9(b).) On December 26, 2023, Judge Rearden entered an order extending the deadline for the completion of fact discovery until April 17, 2024, stating that "[t]he fact . . .

---

[1] As Siemens notes in its opposition letter, there are 102 such requests. (Pl.'s 5/29/24 Opp'n Ltr., ECF No. 58, at 2.) However, since Siemens already produced documents responsive to 14 of the requests (*see id*. at 3 n.5), there presently are 88 requests in dispute.

discovery deadline[] will not be further extended absent extraordinary circumstances." (12/26/23 Order, ECF No. 26; *see also* 12/26/23 Am. Scheduling Order, ECF No. 27, ¶ 9(b).)

On April 15, 2024, two days before the fact discovery deadline, GMIC filed a letter motion addressed to the undersigned[2] seeking (1) to extend the deadline for the completion of fact discovery, and (2) to compel Siemens to produce Steven R. Shamash, Esq. ("Shamash") as a fact witness for a deposition. (Def.'s 4/15/24 Ltr. Motion, ECF No. 48, at 1.) GMIC argued, among other things, that Siemens had produced 28,597 pages of documents on April 12, 2024, and that GMIC needed additional time to complete its review of such documents and to complete depositions. (*Id*. at 4.) After holding a telephone conference (4/25/24 Minute Entry), on April 25, 2024, the Court issued an Order extending the fact discovery deadline until May 24, 2024, for two limited purposes:

> [1] Defendant may take seven hours of additional Rule 30(b)(6) deposition testimony of [Siemens] with respect to the matters set forth in Paragraphs 4 through 23, and 26, of the Notice of Deposition (ECF No. 50-1), but limited to the scope and/or contents of the documents produced on April 12, 2024; and [2] [GMIC] may take the deposition of [Shamash] limited to a period of three hours regarding any nonprivileged matter that is relevant to any claim or defense.

(4/25/24 Order, ECF No. 53.)

Prior to the Court's April 25 Order extending the fact discovery deadline, GMIC took two depositions—*i.e*., the deposition of Siemens' Rule 30(b)(6) designee Mr. Gombeleski on April 15, 2024, and the deposition of Mr. Gerbasio on April 17, 2024. (Def.'s 5/23/24 Ltr. Mot. at 2.) On April 16, 2024, GMIC sent a letter containing 58 document requests that were "made at the [Gombeleski Rule 30(b)(6)] deposition." (Def.'s Apr. 16 Req. Ltr., ECF No. 56-2, at PDF pp. 5-

---

[2] On March 26, 2024, District Judge Rearden had issued an Amended Order of Reference, which assigned to the undersigned general pretrial supervision of this case. (Am. Order of Reference, ECF No. 36.)

2

7.) On April 19, 2024, GMIC sent a letter containing 25 document requests that were "made at the [Gerbaiso] deposition." (Def.'s Apr. 19 Req. Ltr., ECF No. 56-2, at PDF pp. 8-9.) Thereafter, as explained below, GMIC took the two depositions authorized by the Court's April 25, 2024 Order.

On May 21, 2024, GMIC took the deposition of Mr. Shamash and that same day made an additional document request to Siemens by e-mail. (Def.'s May 21 Req. E-Mail, ECF No. 56-2, at PDF p. 10.) On May 23, 2024, GMIC took another Siemens' Rule 30(b)(6) designee deposition, this time of Mr. Gerbasio, and that same day, made 18 more document requests by e-mail that were "based upon the documents discussed as well as the witness's testimony regarding the existence of certain documents that have not been produced to date." (Def.'s May 23 Req. E-Mail, ECF No. 56-2, at PDF pp. 11-12.) GMIC states that for each of these four depositions "counsel for GMIC requested the production of certain documents – *most in response* to testimony about the existence of such documents[.]" (Def.'s 5/23/24 Ltr. Mot. at 2 (emphasis added).)

On May 23, 2024, GMIC filed the Letter Motion before the Court. (Def.'s 5/23/24 Ltr. Mot.) On May 24, 2024, the Court scheduled the deadlines for Siemens to file its opposition and for GMIC to file its reply, if any. (5/24/24 Order, ECF No. 57.) The Court also ordered GMIC to email its Chambers the "full transcripts of the depositions that serve as the basis for its additional requests for production referenced in its Letter Motion" no later than May 29, 2024. (*Id.*) On May 29, 2024, GMIC complied with the Court's Order[3] and Siemens filed its opposition letter. (Pl.'s 5/29/24 Opp'n Ltr.) On May 30, 2024, GMIC filed its reply. (Def.'s 5/30/24 Reply, ECF No. 59.)

---

[3] The Court received four deposition transcripts via e-mail. (4/15/24 Golembeski Rule 30(b)(6) Dep.; 4/17/24 Gerbasio Dep.; 5/21/24 Shamash Dep.; 5/23/24 Gerbasio Rule 30(b)(6) Dep.) On June 4, 2024, the Court received the certified transcript via email for Mr. Shamash's deposition. (5/21/24 Shamash Dep.)

3

**LEGAL STANDARDS**

"A district court has wide latitude to determine the scope of discovery[.]" *In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). Rule 26 of the Federal Rules of Civil Procedure prescribes the bounds of discovery that a party may obtain, as follows:

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). For any disclosure or request for production made under Rule 26(a), the producing party "must supplement or correct its disclosure or response":

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1)(A)-(B).

Rule 34 of the Federal Rules of Civil Procedure permits a party to request documents or electronically stored information within the other party's "possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). To make such a request, the requesting party must follow the procedure set forth in Rule 34. *See* Fed. R. Civ. P. 34(b)(1)(A)-(C). After being served with the request, the recipient has 30 days to respond to each requested item, object, and produce responsive documents. Fed. R. Civ. P. 34(b)(2)(A)-(E). "In order to be timely, [a party's] discovery demands had to be received at least 30 days prior to the close of discovery[.]" *Eng v. Blood*, No. 9:04-CV-

01146 (NAM) (GHL), 2008 WL 2788894, at *9 (N.D.N.Y. July 17, 2008) (citing Fed. R. Civ. P. 34(b)(2)(A)).

Rule 37 of the Federal Rules of Civil Procedure permits parties to seek an order compelling disclosure or discovery, including production documents due to a party's "fail[ure] to produce documents[.]" Fed. R. Civ. P. 37(a)(3)(iv). "A party ordinarily must file a motion to compel *before* the close of discovery and if it fails to do so, the motion will be deemed untimely." *Owen v. No Parking Today, Inc.*, 280 F.R.D. 106, 112 (S.D.N.Y. 2011) ("having been inexcusably delinquent and misleading in complying with its own discovery obligations, defendant is in no position to call upon the discretion of the Court to impose a new discovery burden on plaintiff.") (emphasis in original).

"Rule 37 does not establish a deadline for the filing of a motion to compel; rather, that deadline is prescribed by Rule 16, which requires the district court to establish a scheduling order limiting the time to file motions and complete discovery." *Casagrande v. Norm Bloom & Sons, LLC*, No. 3:11-CV-01918 (CSH), 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014) (citing Fed. R. Civ. P. 16(b)); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 140 (S.D.N.Y. 2011). The "primary consideration" in determining whether good cause has been shown "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

**DISCUSSION**

GMIC has not been diligent in taking discovery in this case. *Kassner*, 496 F.3d at 244. Judge Rearden was clear that the April 17 fact discovery deadline would not be extended "absent extraordinary circumstances," yet GMIC elected to schedule its first depositions on April 16 and 17. In context, GMIC's first request for production of documents was dated November 6, 2023. (Def.'s First Set of Req. to Produce Docs., ECF No. 58-1.) GMIC waited five months to inquire about these requests until the depositions that were scheduled for mid-April, despite being aware that as of late-December, GMIC would have to demonstrate "extraordinary circumstances" for an extension of the fact discovery deadline if any response was insufficient.[4] (*See* 12/26/23 Order; 12/26/23 Am. Scheduling Order ¶ 9(b).)

This Court's April 25 Order permitted GMIC to take additional Rule 30(b)(6) deposition testimony of Siemens after the April 17 fact discovery deadline, but limited such testimony to the scope and/or contents of the documents produced by Siemens on April 12, 2024. (4/25/24 Order.) The April 25 Order was not an invitation for GMIC to request additional documents.

Because GMIC did not timely serve its document requests, and given GMIC's lack of diligence, its motion to compel could be denied in its entirety.[5] *See Wingates, LLC v.*

---

[4] GMIC contends that it was "logical and proper that [it] would make these follow-up requests at the depositions in response to testimony from Siemens' witnesses." (Def.'s 5/30/24 Reply at 3.) Even if this contention is accurate, GMIC should not have waited until the eve of the discovery deadline so as to necessarily render its follow-up requests as untimely.

[5] Failure to serve discovery requests within the time prescribed for responses is sufficient to deny those requests as untimely. *See, e.g.*, *Joye v. PSCH, Inc.*, No. 14-CV-03809 (AT) (HBP), 2016 U.S. Dist. LEXIS 72764, at *11 n.2 (S.D.N.Y. June 3, 2016) (denying motion for reconsideration where plaintiff sought an order compelling defendant to respond to new document requests within 30 days and to comply with post-deposition demands, which would require an extension of the discovery deadline); *Jones v. Hirschfeld*, No. 01-CV-07585 (PKL), 2003 WL 21415323, at *4 n.13 (S.D.N.Y. June 19, 2003) (a "discovery deadline date is

*Commonwealth Ins. Co. of Am.*, 21 F. Supp. 3d 206, 215 (E.D.N.Y. 2014) (citing *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)) ("The Second Circuit has . . . held that the discovery period should not be extended when a party has had ample opportunity to pursue the evidence during discovery."), *aff'd*, 626 F. App'x 316 (2d Cir. 2015); *Gucci Am., Inc.*, 790 F. Supp. 2d at 140 (denying motion to compel served three weeks after close of fact discovery as untimely where moving party had notice of opposing party's objections); Fed. R. Civ. P. 26(b)(2)(C)(ii) (court "must" limit scope of discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"); *Farb v. Baldwin Union Free Sch. Dist.*, No. 05-CV-00596 (JS) (ETB), 2007 U.S. Dist. LEXIS 32844, at *2-3 (E.D.N.Y. May 4, 2007) (denying motion to compel where it was "obvious from the submissions by [] counsel that there was a last minute flurry of activity during the final two weeks of April in a vain effort to complete discovery . . . [t]he [party] had five months to raise this issue in a timely fashion and failed to do so."). However, considering principles of proportionality, *see* Fed. R. Civ. P. 26(b)(1), the Court, in its discretion, finds that GMIC is entitled to production of certain documents that it requested.

Having considered the parties' submissions, as well as all of the transcripts of the depositions referenced in footnote 3, *supra*, the Court hereby ORDERS that Siemens shall produce non-privileged documents, if any, responsive to the following requests:

1.  The 20 requests that GMIC offered as a "compromise" in its opposition letter (Pl.'s 5/29/24 Opp'n Ltr. at 3 nn.3 & 4), *i.e.*:

---

the date on which discovery should be complete; it is not the last date on which a party can serve discovery requests.").

      a.      April 16, 2024 Request Nos. 8-9, 12-13, 31, 34, 38 & 42;

      b.      April 19, 2024 Request Nos. 5, 9, 10, 21-22 & 24;

      c.      May 21, 2024 Request No. 1; and

      d.      May 23, 2024 Request Nos. 3, 8-9, 14-15.

2.      The following 8 requests that GMIC requested from the Letter Motion:

      a.      April 16, 2024 Request Nos. 3, 17, 28, 29, 57;[6]

      b.      May 23, 2024 Request Nos. 10-12.

3.      All documents responsive to any requests that are the subject of GMIC's Letter Motion that Siemens intends to use at trial, as would be required by Siemens' Rule 26(e) supplementation obligations.

4.      Any documents that Siemens has learned were not produced in response to GMIC's First Set of Requests to Produce Documents, so as to render Siemens' prior responses incomplete in some material respect. *See* Fed. R. Civ. P. 26(e)(1)(A).

## **CONCLUSION**

For the foregoing reasons, GMIC's Letter Motion is GRANTED IN PART and DENIED IN PART. No later than June 21, 2024, Siemens shall produce the documents set forth above.

**SO ORDERED.**

Dated:     New York, New York
               June 4, 2024

                                                   _____
                                                    STEWART D. AARON
                                                    United States Magistrate Judge

---

[6] With respect to April 16, 2024 Request No. 57, Siemens shall produce back-up documents only if such documents have been already gathered and maintained by Siemens in a separate folder or file.